The court
said, that after a lapse of ten years, and after the. death of Brisbane, who in his life time seems to have acquiesced in the judgment, it would be giving too much countenance to such objections, to allow them to prevail. And considering the loose and imperfect practice of former times, when such errors as are now objected to were very common, it would be extremely dangerous and mischievous, to reverse every judgment whicn has not been entered up with technical precision, or which may not be warranted by proceedings correctly drawn in every particular. That more than one half the judgments formerly obtained in this country, would not stand the test of a legal scrutiny, according to that technical rigor which is applied in cases upon writs of error in England. And therefore, it is necessary to reject all applications of this sort to the discretionary power of the court, to set aside judgments for any such irregularities, or defects, in the form or matter of the proceedings, as may be supplied by reasonable intendment, or which may be presumed to have happened through inattention, or by clerical negligence, and which do not appear to have been made fraudulently or injuriously ; or wherein it shall not appear that such irregularity or defect has a tendency to produce an illegal and injurious effect.
Motion overruled.
Present, Grimke, Waties, Johnson, Trezevant, and Brevard, Justices; Bay, J. absent.
Koto. See 1 Salk. 208. The court has no power to award damages for delay of execution, 7 Vin. 302. 6 Mod. 157, on writ of error.